1

2

3

4                        UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6                               SAN JOSE DIVISION

7

8    DAVID M. FRANKLIN,                        Case No.  21-cv-06328-VKD

                    Plaintiff,
9                                              **ORDER (1) GRANTING PRO BONO
                                               COUNSEL'S MOTION TO
10        v.                                   WITHDRAW AND (2) DENYING
                                               PLAINTIFF'S MOTION FOR FULL
11   DENIS MCDONOUGH,                          SCOPE REPRESENTATION**

                    Defendant.                 Re: Dkt. Nos. 26, 29
12

13

14          On January 18, 2022, the Court referred this matter to the Federal Pro Se Program

15   ("Program") for the limited purpose of assisting plaintiff David Franklin in a settlement

16   conference to be held by June 14, 2022.  Dkt. Nos. 20, 23.  The Program subsequently informed

17   the Court that it found a volunteer attorney willing to undertake the representation of this matter.

18   On January 27, 2022, the Court appointed attorney Dayme Sanchez of the Jones Day law firm as

19   counsel for Mr. Franklin for the limited purpose of assisting him in a settlement conference.  Dkt.

20   No. 24.

21          Ms. Sanchez now moves to withdraw as counsel and avers that Mr. Franklin does not

22   oppose the motion.  Dkt. No. 29; Dkt. No. 29-1 ¶ 8.  Pursuant to the Court's interim order (Dkt.

23   No. 30), Ms. Sanchez subsequently filed a certificate of service regarding her motion to withdraw.

24   Dkt. No. 31.  Mr. Franklin was given leave to file a response by March 22, 2022.  Dkt. No. 30.

25   The Court has not received any response from him.

26          Mr. Franklin separately moves for the appointment of counsel for full scope representation,

27   or alternatively, to assist him with discovery and defendant's anticipated motion for summary

28   judgment.  Dkt. No. 26.  Defendant Denis McDonough opposes that motion.  Dkt. No. 28.

United States District Court
Northern District of California

1    Both motions are deemed suitable for determination without oral argument.  Civil L.R. 7-

2    1(b).  For the reasons discussed below, Ms. Sanchez's motion to withdraw is granted, and Mr.

3    Franklin's motion for the appointment of counsel for full scope representation is denied at this

4    time.  Instead, the Court directs the Program to locate other counsel for the purpose of assisting

5    Mr. Franklin with a settlement conference.

6         **A.    Motion to Withdraw as Limited Scope Pro Bono Counsel**

7    "Counsel may not withdraw from an action until relieved by order of the Court after

8    written notice has been provided, reasonably in advance, to the client and to all other parties who

9    have appeared in the case."  Civil L.R. 11-5(a).  "In the Northern District of California, the

10   conduct of counsel is governed by the standards of professional conduct required of members of

11   the State Bar of California, including the Rules of Professional Conduct of the State Bar of

12   California."  *Hill Design Group v. Wang*, No. C04-521 JF (RS), 2006 WL 3591206, at *4 (N.D.

13   Cal. Dec. 11, 2006) (citing *Elan Transdermal Limited v. Cygnus Therapeutic Sys.*, 809 F. Supp.

14   1383, 1387 (N.D. Cal.1992)); *see also Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008)

15   (applying California Rules of Professional Conduct to attorney withdrawal).

16        The decision to permit counsel to withdraw is within the sound discretion of the trial court.

17   *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).  Courts consider several factors

18   when deciding a motion for withdrawal, including: "(1) the reasons counsel seeks to withdraw;

19   (2) the possible prejudice that withdrawal might cause to other litigants; (3) the harm that

20   withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal

21   will delay resolution of the case."  *Deal v. Countrywide Home Loans*, No. 09-CV-01643-SBA,

22   2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).  Even where circumstances permit

23   withdrawal, counsel may not "terminate a representation until [counsel] has taken reasonable steps

24   to avoid reasonably foreseeable prejudice to the rights of the client . . . .," including giving the

25   client sufficient notice to permit the client to retain other counsel.  Cal. R. Prof'l Conduct 1.16(d).

26        As the basis for her motion to withdraw, Ms. Sanchez cites Rule 1.16(b)(6), which permits

27   an attorney to withdraw from representation where "the client knowingly[] and freely assents to

28   termination of the representation."  Cal. R. Prof'l Conduct 1.16(b)(6).  She attests that she advised

United States District Court
Northern District of California

1   Mr. Franklin that she can "no longer represent him," and that Mr. Franklin "consents to [her]

2   withdrawal and wishes to proceed *pro se* until the Program finds substitute pro bono counsel for

3   him."  Dkt. No. 29-1 ¶¶ 6, 8.  It is unfortunate that Ms. Sanchez asks to withdraw so soon after

4   undertaking this limited scope representation, but as there are no immediate deadlines, it is not

5   apparent that Mr. Franklin would be prejudiced by the withdrawal or that withdrawal at this stage

6   of the litigation would cause undue delay.  Moreover, Mr. Franklin apparently does not object to

7   counsel's withdrawal from this matter.  Accordingly, Ms. Sanchez's motion to withdraw is

8   granted.

9           **B.       Mr. Franklin's Motion for Full Scope Representation**

10          Mr. Franklin requests the appointment of counsel for full scope representation because

11  "defendant has indicated that he intends to file a motion for summary judgment before the

12  settlement conference."  Dkt. No. 26 at 2.  He says that at a minimum, he would like assistance in

13  conducting discovery and addressing defendant's anticipated summary judgment motion.  *Id.*  If

14  defendant files a summary judgment motion prior to the parties' settlement conference, defendant

15  stipulates that the briefing schedule should be stayed so that Mr. Franklin's opposition is not due

16  until after the settlement conference, in the event the settlement conference is unsuccessful.  Dkt.

17  No. 28 at 4.

18          There generally is no right to appointed counsel in a civil case.  *See Lassiter v. Dep't of*

19  *Soc. Servs. of Durham Cnty., N.C.*, 452 U.S. 18, 25 (1981) ("The pre-eminent generalization that

20  emerges from this Court's precedents on an indigent's right to appointed counsel is that such a

21  right has been recognized to exist only where the litigant may lose his physical liberty if he loses

22  the litigation."); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982)

23  ("There is no constitutional right to appointed counsel for employment discrimination claims.").

24  However, Title VII of the 1964 Civil Rights Act provides that the Court may appoint an attorney

25  "[u]pon application by the complainant and in such circumstances as the court may deem just[.]"

26  42 U.S.C. § 2000e-5(f)(1).  Courts must consider three factors in determining whether the

27  appointment of counsel is appropriate:  "(1) the plaintiff's financial resources, (2) the efforts made

28  by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit."  *Bradshaw v.*

1    *Zoological Soc'y of San Diego*, 662 F.2d 1301, 1318 (9th Cir.1981).  The Court has broad

2    discretion under § 2000e-5(f)(1) in determining whether counsel should be appointed.  *Ivey*, 673

3    F.2d at 269.

4         Mr. Franklin is proceeding in forma pauperis in this action and therefore satisfies the first

5    factor regarding financial resources.  However, Mr. Franklin has not made a sufficient showing on

6    the second factor and fails to identify what efforts, if any, he has made to secure counsel, including

7    information regarding the number of attorneys he may have contacted, their identities, and when

8    he consulted with them.  *See, e.g., Jones v. DeJoy*, No. 21-cv-02849-HSG, 2021 WL 5991679, at

9    *2 (N.D. Cal. Nov. 1, 2021) (finding that the second factor was not satisfied where the plaintiff

10   "explain[ed] at a high level that she sought legal assistance but d[id] not provide any further

11   detail."); *Hosea v. Donley*, No. 5:11-cv-02892 EJD, 2012 WL 5373406, at *1-*2 (N.D. Cal. Oct.

12   30, 2012) (finding that the second factor was not met where plaintiff did not provide sufficient

13   factual detail about his contacts with six attorneys, including when he spoke with them and for

14   how long).  Nor has Mr. Franklin made any showing or argument regarding the third factor and

15   the merits of his action.  Mr. McDonough points out, and Mr. Franklin does not deny, that

16   decisions adverse to Mr. Franklin were issued in the administrative proceedings, including a grant

17   of summary judgment in the agency's favor.  *See* Dkt. No. 28, Exs. A and B.  On this record, the

18   Court is not prepared to find at this time that this case is of such merit to warrant the appointment

19   of counsel for full scope representation.

20        Nevertheless, in view of Ms. Sanchez's withdrawal as pro bono settlement counsel, the

21   Court refers this matter to the Program to locate other counsel who may be available for the

22   limited purpose of assisting Mr. Franklin in a settlement conference.  Upon being notified by the

23   Program that an attorney has been located to represent Mr. Franklin, that attorney shall be

24   appointed as counsel for Mr. Franklin in this matter for the scope of representation described

25   above.  The Court shall issue an order relieving the volunteer attorney from the limited

26   representation once that purpose has been fulfilled.  In the meantime, this litigation will not be

27   stayed, and the parties are expected to proceed in compliance with the deadlines set in the Case

28

United States District Court
Northern District of California

4

Management Order.  Dkt. No. 20.

**IT IS SO ORDERED.**

Dated: March 28, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge