UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID M. FRANKLIN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DENIS MCDONOUGH,<br><br>　　　　　Defendant. | Case No. 21-cv-06328-VKD<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

　　　　As detailed in the Court's June 7, 2022 order to show cause, Mr. Franklin failed to appear for a court-ordered June 7, 2022 status conference. The Court attempted, without success, to reach Mr. Franklin during the conference by email and telephone. Additionally, defense counsel advised that although he was able to send an email to Mr. Franklin as recently as May 23, 2022, Mr. Franklin last communicated with him in February 2022. *See* Dkt. No. 40. The Court was further informed that Mr. Franklin did not participate in the scheduling of the settlement conference with Magistrate Judge van Keulen, did not indicate whether he will participate in the settlement conference, and had been unresponsive to the Pro Se Program's attempts to reach him. *See* Dkt. Nos. 33, 40.

　　　　On June 7, 2022, the Court issued an order directing Mr. Franklin to show cause why this case should not be dismissed for his failure to prosecute this matter. In that order, Mr. Franklin was advised that if he failed to file a written response to the order by the June 17, 2022 deadline or to appear at the June 21, 2022 show cause hearing, the Court would dismiss this action without prejudice. Dkt. No. 40.

　　　　The Court has not received any written response to the June 7 order to show cause. Nor

1   did Mr. Franklin appear at the June 21, 2022 show cause hearing.  Defense counsel appeared at the
2   hearing and confirmed that he has not had any further communication from Mr. Franklin since the
3   June 7, 2022 status conference.

4         The Court possesses the inherent power to dismiss an action sua sponte "to achieve the
5   orderly and expeditious disposition of cases."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33
6   (1962).  Dismissal nonetheless is a harsh penalty and should be used only in extreme
7   circumstances.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  In determining whether
8   dismissal is appropriate for the failure to comply with court orders or the failure to prosecute,
9   courts consider five factors, including "(1) the public's interest in expeditious resolution of
10  litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to
11  defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy
12  favoring disposition of cases on their merits."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir.
13  2002) (citing *Ferdik*, 963 F.2d at 1260-61).

14        First, "[t]he public's interest in expeditious resolution of litigation always favors
15  dismissal."  *Id*. (internal quotations and citation omitted).  In view of Mr. Franklin's failure to
16  respond to communications from defense counsel, the Pro Se Program, and the Court, as well as
17  his failure to appear at court-ordered hearings, this factor weighs in favor of dismissal.

18        Second, it is "incumbent" upon courts "to manage [their] docket[s] without being subject
19  to routine noncompliance" of litigants.  *Id*. (citing *Ferdik*, 963 F.2d at 1261).  Moreover, "[t]he
20  trial judge is in the best position to determine whether the delay in a particular case interferes with
21  docket management and the public interest."  *Id*.  Mr. Franklin's failure to communicate with
22  counsel, to respond to the Court's orders, and to prosecute this matter have hampered the Court's
23  ability to manage this matter and has "consumed some of the court's time that could have been
24  devoted to other cases on the docket."  *Id*.

25        Third, a defendant is prejudiced where the "plaintiff's actions impaired [the] defendant's
26  ability to proceed to trial or threatened to interfere with the rightful decision of the case."  *Id*.
27  (internal quotations and citation omitted).  While the "pendency of a lawsuit is not sufficiently
28  prejudicial in and of itself to warrant dismissal," the risk of prejudice is also related to the

plaintiff's reason for defaulting. *Id*. at 642-43. Despite being given ample opportunity to do so, Mr. Franklin has provided no explanation for his failure to pursue this matter or to comply with the Court's orders. His failure to offer any explanation weighs in favor of dismissal. *See, e.g., Chico v. Wells Fargo Bank*, No. 20-cv-01963-PJH, 2020 WL 2494506, at *2 (N.D. Cal. May 14, 2020) (concluding that the plaintiff's failure to provide any reason for the failure to prosecute "counsels in favor of dismissal."). *Cf. Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (recognizing that "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute," but finding that the plaintiff provided a non-frivolous explanation for his lack of diligence).

Fourth, "a district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262. The Court's June 7, 2022 order to show cause warned Mr. Franklin that his case was at risk for dismissal and that dismissal would result if he failed to respond to that order. Dkt. No. 40. This factor weighs in favor of dismissal.

Fifth, "[p]ublic policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal." *Pagtalunan*, 291 F.3d at 643. Even so, the foregoing four factors weigh in favor of dismissing this action.

Based on the foregoing, the Court dismisses this action without prejudice for Mr. Franklin's failure to comply with the Court's orders and for his failure to prosecute this matter. All previously scheduled deadlines and appearances are vacated, and all pending motions are terminated. The Clerk of Court shall close this file.

Although Mr. Franklin is an e-filer, the Clerk of the Court shall mail a copy of this order to him at the mailing address he provided that is noted on the Court's docket.

**IT IS SO ORDERED.**

Dated: June 21, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge

3