UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID M. FRANKLIN,<br><br>     Plaintiff,<br><br>   v.<br><br>DENIS MCDONOUGH,<br><br>     Defendant. | Case No. 21-cv-06328-VKD<br><br>**ORDER VACATING DISMISSAL AND SETTING DEADLINES RE NOTICE OF APPARENT DEATH OF PLAINTIFF**<br><br>Re: Dkt. No. 45 |

On June 21, 2022, following a hearing on the Court's June 7, 2022 order to show cause, the Court dismissed this action without prejudice due to plaintiff David M. Franklin's failure to prosecute this matter. Dkt. Nos. 40, 42, 43. On June 22, 2022, defendant filed a "Notice of Apparent Death of Plaintiff," stating that after the dismissal of this action, defendant learned through an internet search that Mr. Franklin likely passed away on February 27, 2022. Dkt. No. 45. Mr. Franklin represented himself in this action, and it is unclear who, if anyone, may be his successor or the representative of his estate. Defendant says that Mr. Franklin's Veterans Affairs personnel record lists his nearest relative (Bonnie Burton), as well as a son (Nathan A. Franklin) and a friend (Yndra E. Medina). *Id*. Defendant mailed a copy of the "Notice of Apparent Death of Plaintiff" to each of those three individuals and to Mr. Franklin's address of record. Dkt. No. 45-1.

"If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a). "If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id*.

Two things are required of a party for the running of the 90 day period to commence: a party must (1) formally suggest the death of the party on the record, and (2) serve the suggestion of death on the other parties and nonparty successors or representatives. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). A party may be served the suggestion of death by service on his or her attorney, Fed. R. Civ. P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons. Fed. R. Civ. P. 25(a)(3); *Barlow*, 39 F.3d at 232-34.

It is not clear whether any successor or representative of Mr. Franklin has been properly served with defendant's suggestion of death. However, in view of the foregoing, the Court vacates the June 21, 2022 dismissal of this action, and directs the Clerk of the Court to re-open this matter. All previously scheduled deadlines and appearances remain off calendar and this matter will be stayed to allow time for identification of and service upon an appropriate successor or representative for Mr. Franklin and the filing of a potential motion for substitution under Rule 25. At this time, the Court expresses no opinion as to which of Mr. Franklin's claims, if any, were not extinguished upon his death under applicable law.

In the event no successor or representative appears for Mr. Franklin, defendant is directed to file a status report by **September 30, 2022**.

The Clerk of the Court is directed to mail a copy of this order to Mr. Franklin's address of record and to Bonnie Burton, Nathan A. Franklin and Yndra E. Medina at the addresses identified on defendant's certificate of service (Dkt. No. 45-1).

**IT IS SO ORDERED.**

Dated: June 27, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge